# *United States Court of Appeals*

## FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 26, 2022

Mr. Philip Devlin
Western District of Texas, Pecos
United States District Court
410 S. Cedar Street
U. S. Post Office & Courthouse
Room 203
Pecos, TX 79772-0000

        No. 21-50905   Hinkle v. Phillips 66 Company
                       USDC No. 4:20-CV-22

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Casey A. Sullivan, Deputy Clerk
                        504-310-7642

cc:
        Mr. John Barrick Bollman
        Mr. Richard J. Burch
        Ms. Kimberly Frances Cheeseman
        Ms. Shauna Johnson Clark
        Ms. Rachel Cowen
        Mr. Andrew Wells Dunlap
        Ms. Julianne Lomax
        Mr. Richard Mark Schreiber



Certified as a true copy and issued
as the mandate on Jul 26, 2022

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

_____

No. 21-50905

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2022

Lyle W. Cayce
Clerk

Troy Hinkle, Individually and for others similarly situated,

*Plaintiff—Appellee,*

*versus*

Phillips 66 Company,

*Defendant—Appellant,*

Cypress Environmental Management-TIR, L.L.C.,

*Intervenor—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CV-22

_____

Before Richman, *Chief Judge,* and Costa and Ho, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

No. 21-50905

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED IN PART in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that Appellants pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
## for the Fifth Circuit

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2022

Lyle W. Cayce
Clerk

No. 21-50905

---

TROY HINKLE, INDIVIDUALLY AND FOR OTHERS SIMILARLY
SITUATED,

*Plaintiff—Appellee,*

*versus*

PHILLIPS 66 COMPANY,

*Defendant—Appellant,*

CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, L.L.C.,

*Intervenor—Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CV-22

---

Before RICHMAN, *Chief Judge,* and COSTA and HO, *Circuit Judges.*

GREGG COSTA, *Circuit Judge*:

This appeal is the latest in efforts by Cypress Environmental Management to force its employees to arbitrate with Cypress's clients. *See, e.g., Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393 (5th Cir. 2022) (*Newman I*); *Newman v. Plains All Am. Pipeline, L.P.*, 2022 WL 1114407 (5th

Cir. Apr. 14, 2022) (unpublished) (per curiam) (*Newman II*). We have rejected its previous attempts and do so again.

I

Cypress is a pipeline-inspection company that hires inspectors and sends them to work for its clients. Troy Hinkle and his co-plaintiffs were some of those inspectors.[1] When Hinkle was hired, Cypress had him sign an Employment Agreement that contained an arbitration clause. That arbitration provision read, in relevant part, as follows: "[Hinkle] and [Cypress] agree to arbitrate all claims that have arisen or will arise out of [Hinkle's] employment." Only Cypress and Hinkle signed the agreement, and no other party was mentioned in the arbitration clause.

One of Cypress's customers is Phillips 66. Though probably most well-known for its gas stations, Phillips 66 is a diversified energy company that stores and transports natural gas and crude oil. Phillips 66 needed some inspectors for its energy facilities, so Cypress staffed Hinkle on the project. Hinkle worked at Phillips 66's facilities for the next few months. During that time, Hinkle was paid a day rate with no overtime.

Alleging that the Fair Labor Standards Act entitled him to overtime pay, Hinkle filed a collective action against Phillips 66 in the Western District of Texas. Hinkle sued only Phillips 66; he brought no claims against Cypress.

Cypress soon moved to intervene. The magistrate judge granted that motion, explaining that Cypress met the criteria for both permissive intervention and intervention as of right. *See* Fed. R. Civ. P. 24(a)(2), (b)(1)(B). The district court affirmed the magistrate judge on permissive intervention but did not reach intervention as of right.

Once Cypress was permitted to intervene, it moved to transfer the case to the Northern District of Oklahoma, citing the forum selection clause

---

[1] This opinion will collectively refer to the plaintiffs as "Hinkle."

in its arbitration agreement with Hinkle. Phillips 66 had already moved to transfer on the same basis. Cypress and Phillips 66 then both moved to compel arbitration. They argued that the delegation clause in Hinkle's arbitration agreement required an arbitrator, not the court, to determine whether Hinkle's claim against Phillips 66 was covered by the agreement. Phillips 66 further asserted that, even if arbitrability were a question for the court, it could enforce the arbitration agreement as a nonsignatory based on intertwined claims estoppel. Cypress alternatively claimed that it was an "aggrieved party" under Section 4 of the Federal Arbitration Act (FAA) and thus could compel arbitration.

The magistrate judge rejected all the motions. The district court affirmed. It held that whether the delegation clause applied to Phillips 66 was a question for the court. The court then answered that question, holding that Phillips 66 could not enforce the agreement based on intertwined claims estoppel because it did not have a close relationship with Cypress. The district court also held that Cypress was not an "aggrieved party" under Section 4 of the FAA because Hinkle did not break his agreement to arbitrate with Cypress by suing Phillips 66. Phillips 66 and Cypress both appealed.

II

While this appeal was pending, we decided cases involving other Cypress inspectors (collectively referred to as Newman) suing a different Cypress client (Plains). *See Newman I*, 23 F.4th at 393; *Newman II*, 2022 WL 1114407, at *1. *Newman I* and *Newman II* largely control this case.

No. 21-50905

*Newman I* holds that "deciding enforceability between the parties and an arbitration agreement's existence are two sides of the same coin." 23 F.4th at 398. It is therefore up to us, not an arbitrator, to decide whether Phillips 66 can enforce the Hinkle-Cypress agreement. *See id.* at 399. We determine, for the same reasons as the *Newman I* court, that Phillips 66 as a nonsignatory cannot enforce the agreement. *See id.* at 405–06 (concluding that intertwined claims estoppel does not apply).[2]

*Newman II* extends *Newman I*'s reasoning to reject Cypress's attempt to enforce the arbitration agreement in a suit where it has not been sued. 2022 WL 1114407, at *1. Although *Newman II* is unpublished and thus nonbinding, we agree with it. Cypress attempts to repackage this as a new issue, but it is the same one resolved in *Newman I*—whether the arbitration agreement between Hinkle and Cypress was a promise by Hinkle to arbitrate its claims with Phillips 66. And that question depends on whether the agreement is enforceable between Hinkle and Phillips 66. That Cypress, the signatory to the agreement, is the one trying to compel arbitration makes no difference. The issue is not whether Hinkle has an arbitration agreement with anyone—it is whether he has an agreement to arbitrate with the party he is suing, Phillips 66. *See* 23 F.4th at 400 n.25 ("[J]ust because a signatory has agreed to arbitrate issues of arbitrability with another party does not mean that it must arbitrate with any non-signatory." (alteration in original) (quoting *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 209 (2d Cir. 2005))). Suing Phillips 66 rather than Cypress may pose obstacles for Hinkle, but an arbitration clause is not one of them.

---

[2] Phillips also 66 argues that we should not apply *Newman I* because a petition for rehearing *en banc* is pending in that case. But *Newman I* remains good law. *See* 5TH CIR. R. 41.3 (explaining that a panel opinion is vacated only after the granting of rehearing en banc); *see Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) (noting that vacating an opinion is what rids it of precedential value).

No. 21-50905

*Newman I* and *II* do most of the work in this appeal. We nonetheless address a few points in more detail.

A

Phillips 66 argues that factual differences make *Newman I* "inapposite." The first "difference" it claims is not a difference at all. Phillips 66 argues that, unlike in *Newman I*, here there is an "agency relationship" and therefore *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709 (5th Cir. 2017), applies. But the agency relationship it points to between Phillips 66 and Hinkle is the same relationship that existed in *Newman I* between Plains and Newman. And that relationship is not the same as the one in *Brittania*-U, where the nonsignatory defendant was an agent of the signatory. *See Newman I*, 23 F.4th at 399–400.

B

Cypress argues that it is an aggrieved party under Section 4 of the FAA[3] and therefore that the district court should have ordered arbitration.

Cypress claims it is an aggrieved party because Hinkle "br[ought] his employment-related disputes in" court on a collective basis and now Cypress may be found jointly liable or be required to indemnify Phillips 66. But that is not what makes Cypress an aggrieved party: "It is only where the

---

[3] Section 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

arbitration may not proceed under the provisions of the contract without a court order that the other party is really aggrieved." *Standard Magnesium Corp. v. Fuchs*, 251 F.2d 455, 458 (10th Cir. 1957); *see also Encompass Power Servs., Inc. v. Eng'g & Constr. Co.*, 2005 WL 3019740, at *2 (S.D. Tex. Nov. 10, 2005), *aff'd*, 224 F. App'x 329 (5th Cir. 2007) (unpublished) (per curiam) ("ECCO has refused to arbitrate under that [arbitration agreement with EDG]. Consequently . . . EDG [qualifies] as a 'party aggrieved' for purposes of filing a § 4 motion to compel arbitration."); *Vainqueur Corp. v. Lamborn & Co.*, 305 F. Supp. 1007, 1008 (S.D.N.Y. 1969). As we have explained, Hinkle only promised to arbitrate claims brought against Cypress. Claiming that Hinkle did not arbitrate its claims with Phillips 66 is therefore not an allegation that he violated his agreement with Cypress. *See Newman II*, 2022 WL 1114407, at *1 ("Because Newman's FLSA claims are against Plains, the Plaintiffs have not violated the arbitration agreement and Cypress is not an aggrieved party."). Cypress is not an aggrieved party under Section 4 of the FAA and cannot compel arbitration.

## C

Lastly, Cypress appeals from the district court's denial of its motion to transfer venue. Although the FAA makes orders denying motions to compel arbitration immediately appealable, *see* 9 U.S.C. § 16, no statute allows interlocutory appeals of orders deciding motions to transfer venue, *see In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014) ("[T]ransfer orders do not fall within the scope of [the collateral order] doctrine."); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309, 318–19 (5th Cir. 2008) (en banc) (holding that mandamus is available for challenging transfer motions because appeals are unavailable).

We recently noted this difference in our jurisdiction over appeals of arbitration rulings versus venue rulings. *Noble Cap. Fund Mgmt., L.L.C. v. US Cap. Glob. Inv. Mgmt., L.L.C.*, 31 F.4th 333 (5th Cir. 2022). After recognizing that "no statute specifically grants appellate jurisdiction" for the appeal of a venue transfer ruling, we also declined to exercise pendent

No. 21-50905

appellate jurisdiction because doing so "is only proper in rare and unique circumstances where a final appealable order is 'inextricably intertwined' with an unappealable order." *Id.* at *3 (quoting *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998) (per curiam)). That standard was not met in *Noble*. The court did not need to "consider the motion to transfer venue in order to address the motion to compel arbitration" and the issues were "not so related as to where resolving them together would promote judicial economy." *Id.*

The same is true here. We thus lack jurisdiction over the denial of the motion to transfer venue.

\* \* \*

We DISMISS for lack of jurisdiction Cypress's appeal of the denial of its motion to transfer and AFFIRM on all other grounds.